USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/19/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAVIER SANTIAGO,                                             :
                                                             :
                          Plaintiff,                         :       OPINION AND ORDER
                                                             :
        -against-                                            :       13 Civ. 1886 (LGS)
                                                             :
WESTCHESTER COUNTY, et al.,                                  :
                                                             :
                          Defendants.                        :
------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff Javier Santiago, pro se, commenced the present action on March 20, 2013, arising out of his treatment while an inmate at Westchester County Jail. The Defendants are Westchester County, Correction Officer Jones, Correction Officer Spaulding, and Captain Randy Watkins. The Complaint states claims under 42 U.S.C. § 1983 for violations of the First, Eighth, and Fourteenth Amendments of the U.S. Constitution. Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants' Motion is denied, because the Complaint states claims upon which relief may be granted.

**BACKGROUND**

Plaintiff Javier Santiago was housed in the I-South Housing Unit of Westchester County Jail, and was voluntarily part of a "boot camp" program designed to help reform inmates before release. On February 25, 2013, Plaintiff was disciplined by Corrections Officer Nappi for allegedly searching through desk drawers in an office in his housing unit. Corrections Officer Jones was notified and when he arrived at the scene, he directed Plaintiff to follow him. Plaintiff asked twice where Defendant Jones was taking him. Defendant Jones responded with expletives

and ordered Plaintiff to the ground, but while Plaintiff was in the process of getting on the ground, Defendant Jones twisted his arm in a manner that caused Plaintiff severe pain. Defendant Jones then placed his hand on Plaintiff's throat and squeezed it, choking Plaintiff and nearly causing him to faint, and causing Plaintiff severe pain. Defendant Jones then addressed Plaintiff with another expletive and threatened that, if Plaintiff moved, he was "going down hard." Defendant Jones picked Plaintiff up off the ground and escorted him to a "bullpen," but did not release his grip on Plaintiff.

While in the bullpen, Plaintiff told Captain Randy Watkins that he wanted to file a grievance against Defendant Jones. Defendant Watkins said, "You're going to the SHU (Special Housing Unit). How about that? You can't grieve disciplinary. I'm the grievance coordinator. Don't waste your time. You're in enough trouble. Don't make it worse." Plaintiff was taken to the special housing unit. On February 27, 2013, Plaintiff tried to file a grievance with Sergeant Spaulding, but Sergeant Spaulding refused to accept it. Plaintiff then mailed the grievance to Warden Diaz hoping that someone would investigate his claims, but he received no response.

Plaintiff was released from the special housing unit on March 1, 2013, and requested to see a sergeant about filing a grievance. It is unclear from Plaintiff's pleading whether he was able to file the renewed grievance, but he was not interviewed about any grievance. Plaintiff was transferred to a different housing block after the incident, and was placed on "keep lock" status, which he feels was retaliation for his attempting to submit a grievance.

The Complaint also brings a claim pursuant to *Monell v. Dep't of Social Sevs. of the City of N.Y.*, 436 U.S. 658 (1978), against Westchester County for failure to supervise and discipline its employees and for not investigating claims of excessive force. The Complaint alleges five

specific assaults on other inmates at the Westchester County Jail and asserts that Westchester County was aware of these incidents.

**STANDARD**

On a motion to dismiss, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 555), *cert. denied*, 133 S. Ct. 846 (2013). Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a)(2).

In construing complaints by plaintiffs proceeding pro se, the Court "appl[ies] a more flexible standard to evaluate their sufficiency than [it] would when reviewing a complaint

submitted by counsel." *Lerman v. Bd. of Elections in City of N.Y.*, 232 F.3d 135, 139-40 (2d Cir. 2000); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Thus, the Court is obligated to construe pro se pleadings with "'special solicitude,' interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations in original) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)).

## DISCUSSION

### I. Exhaustion Defense

Defendants argue that Plaintiff's claims are barred because he failed to exhaust administrative remedies. Because failure to exhaust remedies is an affirmative defense that cannot be decided without further facts, Defendants' Motion to Dismiss for failure to exhaust remedies is denied.

Failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") is an affirmative defense to an action. *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004). In *Hemphill*, the Second Circuit established a three-part inquiry that "is appropriate in cases where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA." *Id.* "[T]he court must ask whether administrative remedies were in fact 'available' to the prisoner." *Id.* "The court should also inquire as to . . . the defendants' own actions inhibiting the inmate's exhaustion of remedies," which "may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." *Id.* Even if "the court finds that administrative remedies were available" and finds that "the defendants are not estopped and have

4

not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies," courts should still consider whether "special circumstances" might justify failure to comply with the exhaustion requirement. *Id.*

The Complaint has sufficiently alleged that if Plaintiff failed to exhaust administrative remedies, the failure resulted because administrative remedies may not have been "available" to him. Plaintiff's alleged failure to exhaust administrative remedies requires a factual inquiry and is not grounds for dismissal on this motion.

## II. First Amendment Retaliation[1]

### A. Merits

Defendants moves to dismiss Plaintiff's First Amendment retaliation claim. Because Plaintiff states a claim upon which relief may be granted, Defendants' Motion is denied.

"'[I]t is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed.'" *Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987) (alteration in original) (quoting *Johnson v. Avery*, 393 U.S. 483, 485 (1969)). "[I]ntentional obstruction of a prisoner's right to seek redress of grievances 'is precisely the sort of oppression that . . . section 1983 [is] intended to remedy.'" *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988) (alteration in original). "A Plaintiff should not be any less entitled to relief under Section 1983 because he was addressing his complaints to [an administrative agency] rather than to a court of law." *Id.* at 589-590. This is particularly true where the grievance "implicated an important constitutional right -- namely, the Eighth Amendment right of prison inmates to be free from cruel and unusual punishment." *Id* at 590. To sustain a First

---

[1] Defendants characterize the allegations as a claim for denial of access to the courts. Construing the Complaint liberally, the Court views Plaintiff's claims as stating a claim for First Amendment retaliation.

Amendment retaliation claim, a prisoner must demonstrate that the "conduct at issue was protected," that the defendant "took adverse action against the plaintiff," and that there was a "causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004).

The Complaint, liberally construed, states a claim for relief. The Complaint alleges that prison officials refused to accept Plaintiff's grievances, told Plaintiff that filing a grievance would make his life "worse" at the prison, and then placed him on "keep lock" status because of his complaints. *See id.*

### B. Qualified Immunity

Defendants move to dismiss Plaintiff's claims of First Amendment retaliation against Defendants Spaulding and Watkins based upon qualified immunity. Because the Complaint adequately alleges an unreasonable violation of a clearly defined constitutional right, Defendants' Motion is denied.

Qualified immunity is an affirmative defense for which defendants have the burden of proof. *See Lore v. City of Syracuse*, 670 F.3d 127, 149 (2d Cir. 2012). Qualified immunity questions should be resolved "at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If a court cannot resolve the question of qualified immunity at an early stage, then the jury should decide the relevant factual issues by special interrogatories, but the ultimate determination of qualified immunity is to be resolved by the court, "preferably on a pretrial motion for summary judgment." *Warren v. Dwyer*, 906 F.2d 70, 76 (2d Cir. 1990).

Government officials are generally shielded from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An officer is entitled to

qualified immunity where "(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007) (internal quotation marks omitted). Whether a clearly established right existed must be considered "in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The Complaint alleges that Defendants Spaulding and Watkins violated a clearly established First Amendment right of which a reasonable officer would have known when they retaliated against Plaintiff for trying to file a grievance. Whether it was objectively reasonable for them to believe that they were acting lawfully at the time they retaliated depends on the circumstances at the time. What those circumstances were is a factual question that cannot be resolved on a motion to dismiss.

## II. Excessive Force

Plaintiff's allegations of excessive force are considered under the Eighth and Fourteenth Amendments. Cruel and unusual punishment in violation of the Eighth Amendment has an objective and a subjective component. *See Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009). The subjective inquiry looks to whether the defendant prison official acted wantonly, which "turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (internal quotation marks omitted). The objective inquiry is "contextual and responsive to contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks omitted). Although the extent of injury is a relevant factor, it is not a threshold requirement for an excessive force claim. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010); *Hudson,* 503 U.S. at 7. Where a prison official acts

maliciously and sadistically, "contemporary standards of decency always are violated. . . . This is true whether or not significant injury is evident." *Wright*, 554 F.3d at 268-69 (alteration in original) (quotation marks omitted).  Nonetheless, "[n]ot every push or shove . . . violates a prisoner's constitutional rights." *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000) (alteration in original) (quotation marks omitted).  However, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 559 U.S. at 38.

Construing the allegations in the Complaint in a light most favorable to Plaintiff, and bearing in mind Plaintiff's status as a pro se litigant, the Complaint states a claim for relief against Correction Officer Jones.  The Complaint alleges that Officer Jones threw Plaintiff to the ground, twisted his arm, picked him up off the ground while squeezing his throat, and escorted him to the "bullpen" while continuing to grab his throat in a manner that almost made the Plaintiff faint.  These allegations lead to a plausible inference that the force inflicted was malicious and wanton such that Plaintiff's constitutional rights were inherently violated, regardless of any evident injury.

Defendants rely on several cases in which each plaintiff's claims did not reach a requisite level of severity to sustain an Eighth Amendment claim and were dismissed.  *See*, *e.g. Candelaria v. Coughlin*, 787 F. Sup. 368, 374-75 (S.D.N.Y. 1992).  These decisions are not in line with the Supreme Court's decisions in either *Hudson* or *Wilkins*, in which the Supreme Court made clear its intention to "shift the core judicial inquiry from the extent of the injury to the nature of the force . . ." *Wilkins*, 559 U.S. at 39 (internal quotation marks omitted).

Defendants argue that Officer Jones is entitled to qualified immunity on Plaintiff's excessive force claim.  As above, the Complaint sufficiently alleges a violation of Plaintiff's

clearly established constitutional right to be free from excessive force under the Eighth Amendment.  Further, nothing at this stage of the proceedings suggests that Officer Jones reasonably believed his actions to be lawful at the time of the challenged act.  *See Jenkins*, 478 F.3d at 87.

### III.  Municipal Liability

Defendants move to dismiss Plaintiff's municipal liability claim.  Because the Complaint sufficiently pleads a custom or policy that led to the violation of a constitutional right, the Motion is denied.

"[A] municipality cannot be made liable under § 1983 for acts of its employees by application of the doctrine of *respondeat superior*."  *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)) (internal quotation marks omitted).  "To prevail against a municipality on a § 1983 claim, a plaintiff must demonstrate *both* an injury to a constitutionally protected right *and* that the injury was caused by a policy or custom of the municipality or by a municipal official responsible for establishing final policy."  *Hartline v. Gallo*, 546 F.3d 95, 103 (2d Cir. 2008) (emphasis added) (citations omitted) (internal quotation marks omitted).  "*Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions."  *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007).

The Complaint alleges that Defendant Westchester County: (1) failed to supervise and discipline its employees for engaging in acts of excessive force; and (2) failed to investigate alleged acts of excessive force.  The Complaint names five other inmates who were alleged victims of excessive force at the hands of specific corrections officers.  Defendant Westchester

County was made aware of these and other alleged violations by the United States Department of Justice, Southern District of New York as a result of a CRIPA (Civil Rights of Institutionalized Persons Act) investigation in 2009.  The results of the CRIPA investigation allegedly concluded that the Westchester County Jail inadequately protected inmates from harm and use of excessive force by staff.

If true, the County Defendant may be liable under § 1983.  *See Reynolds*, 506 F.3d at 192 ("Such a pattern, if sufficiently persistent or widespread as to acquire the force of law, may constitute a policy or custom within the meaning of *Monell*.").  "A city's failure to train its subordinates satisfies the policy or custom requirement only where the need to act is so obvious, and the inadequacy of current practices so likely to result in a deprivation of federal rights . . . ."  *Id.*  (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989)).  If the County Defendant was aware of the recurring use of excessive force against inmates as Plaintiff alleges, then the inadequacy of its current practices was likely to result in a deprivation of federal rights.  Therefore, Defendants' Motion is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED.  The Plaintiff, having not opposed this motion in writing, shall inform the Court by letter no later than June 7, 2014, if he wishes to continue pursuing the case.  Failure to respond to this order may result in dismissal for failure to prosecute the claim.

The Clerk of Court is directed to mail a copy of this Opinion and Order to the Plaintiff.

SO ORDERED.

Dated: May 19, 2014
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

10